In the Matter of FLORENCE E. BRADY, Respondent, *v.* CITY OF NEW YORK et al., Appellants.

First Department, October 20, 1966.

*William A. Marks* of counsel (*Seymour B. Quel* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellants.
*Louis Grossman* of counsel (*Robert Saginaw* with him on the brief; *Rossbach & Van der Linde*, attorneys), for respondent.

*Per Curiam.* Petitioner sought, by way of an article 78 proceeding, to review the determination of the appellant Board of Trustees of the Police Pension Fund (hereinafter called Board of Trustees) holding that she was not entitled to an accidental death pension, upon the death of her husband. The Board of Trustees found that petitioner's husband was "off duty" at the time of his death.

Special Term ordered a trial on the issue of fact of whether the deceased was, at the time of his death, "off duty." The trial was held, and the jury returned a special verdict that the deceased was "off duty" at the time he met his death. The verdict of the jury was then set aside upon motion of the petitioner upon the ground that it was against the weight of the credible evidence. It is from this order that the appeal is taken.

The determination by the Board of Trustees, concerning the death, was made upon a study of the evidence in relation to the deceased's tour of duty, and whereabouts at the time of his death. A review of the Board of Trustees' action, in the circumstances of this case is governed by CPLR 7803 (subd. 3) which states that the "only questions that may be raised in a proceeding under this article are * * * 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion". The determination of the Board of Trustees has not been shown to be arbitrary and capricious, there being evidence in the record to allow the trustees to come to the conclusion that the decedent was on his way home after he had completed his tour of duty, when he met with his death. Consequently, we may not disturb the trustees' decision and the petition must be dismissed. As was stated in *Matter of Strauss v. Hannig* (256 App. Div. 662, 665, affd. 281 N. Y. 612): "It is not the province of a court, under the circumstances, to determine which opinion is of greater value. It is only where the appointing power acts illegally or capriciously that the court will interfere." That rule is equally applicable here, inasmuch as the determination was based upon a reasonable appraisal of the evidence. The determination as to whether the deceased was on or off duty at the time he met his death was one to be made by the Board of Trustees and not by the court and certainly not by a jury.

Accordingly, we hold that it was improper to order a jury trial in this case, for as above stated, it was solely within the province of the Board of Trustees to determine the facts, and court's function is limited merely to review the action taken by the Board of Trustees to determine whether it was arbitrary

and capricious. There is no room, in a situation such as this, for a jury trial or verdict.

However, were it proper to order a jury trial in this case, we would be obliged to hold that its finding was not against the weight of the credible evidence. Consequently, the acceptance of the jury's verdict would likewise lead to a dismissal of the petition.

Accordingly, the order entered June 25, 1965, setting aside the special verdict of the jury, should be reversed on the law, and the facts, without costs and disbursements to the appellant, and the petition of the respondent should be dismissed.

BOTEIN, P. J., BREITEL, RABIN, STEUER and WITMER, JJ., concur.

Order, entered on June 25, 1965, unanimously reversed, on the law and on the facts, without costs and without disbursements and the petition dismissed.